## IN THE MATTER OF MYRON WEINER, AN ATTORNEY-AT-LAW.

Argued April 22, 1970—Decided June 2, 1970.

166

*Mr. Cuddie E. Davidson, Jr.* argued the cause for the Union County Ethics Committee.

*Mr. John C. Giordano, Jr.* argued the cause for the respondent (*Messrs. Giordano, Giordano & Halleran,* attorneys).

PER CURIAM. This Court issued an order to Myron Weiner, a New Jersey attorney, to show cause why he should not be disbarred or otherwise disciplined for alleged unprofessional conduct as specifically set forth in a Presentment of the Union County Ethics Committee. The gravamen of the charge is that Weiner gave false information under oath to the Internal Revenue Service and Federal Bureau of Investigation. The facts which give rise to the Presentment are as follows:

In 1964, there was considerable national publicity concerning the activities in Washington, D. C. of one Robert (Bobby) Baker. There eventuated governmental investigations concerning his conduct. As a part thereof, Weiner gave statements under oath to the Internal Revenue Service and the Federal Bureau of Investigation. While later testifying before the Committee on Rules and Administration of

the United States Senate on December 3 and 4, 1964, Weiner admitted that prior testimony he had given to the Internal Revenue Service and the Federal Bureau of Investigation was inconsistent with his then testimony. The difference lay in that in the earlier evidence he had falsely sworn that he had retained Ernest Tucker of the law firm of Tucker and [Robert] Baker individually upon an annual retainer of $5,000, when in truth it was Baker who was retained and to whom the money was paid. Defendant seeks to excuse and explain the inconsistencies by an assertion that the statements to the Internal Revenue Service and the Federal Bureau of Investigation were subject to his editing and correction. He attempts to ameliorate his offense by the statement that he never received a transcript of these statements and therefore was accorded no opportunity for revision. The gist of his explanation of his conduct is that he did not wish to involve his clients, friends and family. The fact remains that he admits that he at first lied under oath on a matter of considerable public interest.

We cannot overlook the fact that Weiner's original testimony impeded and hindered an investigation into the alleged criminal activities of Mr. Baker and hence the due administration of justice. That Weiner later recanted and finally told the truth may be taken into consideration in determining the amount of penalty to be imposed. It does not, however, serve to excuse his sworn falsehoods.

He is guilty of a breach of ethics which required that he conduct himself as an honest man.

Accordingly, respondent is suspended from the practice of law for a period of one year and until the further order of the Court.

*For suspension for one year*— Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.